Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| CARMEN L. FUENTES AYALA<br><br>Recurrente<br><br>v.<br><br>OFICINA DE ADMINISTRACIÓN Y TRANSFORMACIÓN DE LOS RECURSOS HUMANOS DEL GOBIERNO DE PUERTO RICO<br><br>Recurrida | KLRA202500052 | Revisión procedente de la Comisión Apelativa del Servicio Público<br><br>Caso núm. 2023-05-0203<br><br>Clasificación de Puestos - PCRU |
|---|---|---|

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Rodríguez Flores.

Sánchez Ramos, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de marzo de 2025.

Por considerarla académica, la Comisión Apelativa del Servicio Público ("CASP") desestimó una apelación relacionada con el puesto y salario de una funcionaria pública. Según explicamos en detalle a continuación, concluimos que erró CASP, pues (i) subsiste la vigencia de la reclamación en cuanto al periodo de tiempo anterior al ajuste de salario realizado por el patrono luego de presentada la apelación y (ii) subsiste la vigencia de la reclamación en cuanto el puesto al cual la recurrente asevera tener derecho, el cual no coincide con su actual (o anterior) puesto.

I.

El 22 de febrero de 2023, la Oficina de Administración y Transformación de los Recursos Humanos (la "Agencia" o el "Patrono") le notificó a la Sa. Carmen L. Fuentes Ayala (la "Recurrente" o "Empleada") que, de acuerdo con el Plan de Clasificación y Retribución Uniforme (el "Plan Anterior"), a partir del

1 de enero de 2023, el puesto que ocupaba en la Agencia había sido clasificado como Coordinador de Adiestramiento y Profesionalización Senior (el "Puesto Asignado en 2023"), con $2,586.00 de retribución mensual. Además, la Recurrente fue informada de su derecho a solicitar revisión administrativa.

Inconforme, la Recurrente solicitó una revisión administrativa ante la Agencia; aseveró no estar de acuerdo con la reclasificación ni con la escala salarial asignada. En específico, **solicitó que se le clasificase como Ejecutivo de Adiestramiento y Profesionalización ("Puesto Ejecutivo"), correspondiente a la escala salarial 16**. En la alternativa, solicitó que se le aumentara de la escala salarial 5 a la escala 8 en el Puesto Asignado.

El Patrono le comunicó por escrito a la Recurrente que su solicitud de revisión no había sido acogida favorablemente. En síntesis, la Agencia razonó que, tanto la clasificación, como la escala salarial previamente asignadas, eran correctas. La Recurrente fue apercibida que, de no estar de acuerdo con la determinación, podía presentar una apelación ante CASP.

El 5 de mayo de 2023, la Recurrente, por derecho propio, presentó ante CASP una *Solicitud de Apelación* (la "Apelación"). En esencia, reiteró el planteamiento que había hecho ante el Patrono.

Al cabo de algunos incidentes procesales, el 20 de septiembre de 2024, el Patrono instó una *Solicitud de Desestimación por Academicidad* (la "Moción"). Solicitó la desestimación de la Apelación porque la misma se había tornado académica. Arguyó que la Agencia había realizado una reorganización y, como resultado, a partir del 1 de enero de 2024, a la Recurrente se le había asignado un puesto distinto (Coordinadora de Administración de Aprendizaje Senior, o el "Puesto Asignado en 2024"), clasificado en la escala 8, con un salario mensual de $2,750.00 (aumentado unos meses luego a $2,970.00).

Oportunamente, la Recurrente se opuso a la Moción. En primer lugar, arguyó que tenía derecho al Puesto Ejecutivo, el cual tiene una escala más alta que el Puesto Asignado en 2023 y que el Puesto Asignado en 2024. Además, señaló que lo actuado en 2024 por el Patrono dejaba sin resolver su reclamación en cuanto al salario que, a su juicio, debió devengar durante el 2023.

Mediante una *Resolución y Orden Final,* notificada el 20 de diciembre, CASP desestimó la Apelación, por considerarla académica.

Inconforme, el 21 de enero de 2025 (primer día laborable en el Poder Judicial luego del 17 de enero), la Recurrente interpuso el recurso de referencia; formula los siguientes señalamientos de error:

> Primer Error:
> Erró la Honorable Comisión Apelativa al desestimar la apelación bajo el fundamento de academicidad en consideración que la nueva escala retributiva que asigna la clasificación de la apelante a la escala 8 es efectiva al 22 de enero de 2024.
>
> Segundo Error
> Erró la Honorable Comisión Apelativa al desestimar la apelación sin dirimir la controversia sobre la clasificación de Ejecutivo de Adiestramiento y Profesionalización efectivo al 1 de enero de 2023, fecha en que se implantó el plan de clasificación.

El 20 de febrero, el Patrono presentó su alegato en oposición; plantea que la controversia advino académica porque, con el cambio efectuado por la Agencia en el 2024, la Recurrente venía obligada a presentar otra apelación ante CASP. Resolvemos.

II.

Una controversia es académica y no apta para la intervención judicial, cuando los hechos o el derecho aplicable han variado de tal forma que ya no existe una controversia vigente entre partes adversas. *Asoc. Fotoperiodistas v. Rivera Schatz,* 180 DPR 920, 933 (2011); *Moreno v. Pres. U.P.R. II,* 178 DPR 969, 974 (2010); *Suárez Cáceres v. Com. Estatal Elecciones,* 175 DPR 909, 918 (2009); *PNP v. Carrasquillo,* 166 DPR 70, 75 (2005). "La academicidad recoge la

situación en que, aún cumplidos todos los criterios de justiciabilidad, ocurren cambios en los hechos o el derecho durante el trámite judicial que tornan académica o ficticia la solución del caso". *L.P.C. & D., Inc. v. Autoridad Carreteras*, (Sentencia en Reconsideración), 185 DPR 463, 471 (2012), citando a *Torres Santiago v. Depto. Justicia*, 181 DPR 969, 982 (2011). Por ende, la doctrina de academicidad dicta que un caso se torna académico cuando en el mismo se trata de obtener un fallo sobre una controversia inexistente, o una sentencia sobre un asunto que, por alguna razón, no podrá tener efectos prácticos. *Suárez Cáceres v. Com. Estatal Elecciones*, supra; *E.L.A. v. Aguayo*, 80 DPR 552, 584 (1958).

Ahora bien, la doctrina de academicidad admite excepciones que, aunque deben ser utilizadas de forma mesurada, permiten la intervención de los tribunales en situaciones cuyas controversias al parecer no son justiciables. *S.L.G. Szendrey-Ramos v. Consejo Titulares*, 184 DPR 133, 151 (2011); *Asoc. Fotoperiodistas*, 180 DPR a la pág. 933; *Moreno*, supra. En nuestro ordenamiento jurídico, se han desarrollado excepciones a la doctrina de academicidad que aplican en las situaciones en las que los tribunales se encuentran ante: (1) una cuestión recurrente o susceptible de volver a ocurrir; (2) cuando el demandado ha modificado la situación de hechos, pero el cambio no aparenta ser permanente; y (3) cuando aspectos de la controversia se tornan académicos, pero subsisten consecuencias colaterales que tienen vigencia y actualidad. *S.L.G. Szendrey-Ramos v. Consejo Titulares*, supra; *Asoc. Fotoperiodistas*, supra. Véanse, además, *U.P.R. v. Laborde Torres y otros I*, 180 DPR 253, 281 (2010); *Moreno*, supra.

En conexión, para determinar si un caso se ha tornado académico, es necesario identificar la existencia de una controversia genuina y viva, en la cual las partes tengan intereses opuestos, y la

determinación del tribunal afecte la relación jurídica de éstos. *Aguayo,* 80 DPR a la pág. 584. La controversia entre las partes debe permanecer viva durante todo el proceso. *L.P.C. & D., Inc.*, 185 DPR a la pág. 471. Cuando las variaciones en los hechos o en el derecho aplicable hacen que no exista una controversia vigente entre las partes adversas, procede desestimar el caso utilizando el fundamento de la academicidad. *L.P.C. & D., Inc.*, 185 DPR a la pág. 472, citando a *Moreno,* supra. Al examinar si un pleito se ha convertido en académico, debemos tomar en consideración los hechos anteriores, concomitantes y posteriores, para determinar si la controversia sigue vigente con el transcurso del tiempo. *Presidente del Senado de Puerto Rico*, 148 DPR 737, 759 (1999).

III.

Concluimos que erró CASP al desestimar la *Apelación.* Aun luego del cambio que entró en vigor en enero de 2024, subsiste controversia aún entre las partes en cuanto al puesto que le corresponde a la Recurrente, así como sobre el salario que debió devengar durante el 2023.

En primer lugar, a pesar del ajuste efectivo en enero de 2024, quedó sin adjudicarse la reclamación de la Recurrente en torno a su puesto y salario durante el 2023. Si la Recurrente tuviese razón en los méritos de su planteamiento, CASP tendría que ordenar a la Agencia que esta sea compensada de conformidad por el trabajo realizado durante el 2023. Por tanto, dicha controversia de ninguna forma es académica a raíz del cambio efectivo en enero de 2024.

En segundo lugar, desde el inicio, la Recurrente ha planteado que tiene derecho a ser clasificada en el Puesto Ejecutivo, con una escala de 16. Sin embargo, ni al presentarse la Apelación, ni al presente, la Recurrente ha sido clasificada a dicho puesto, ni tampoco tiene un salario equivalente al del Puesto Ejecutivo. Por

tanto, esta controversia subsiste y debe ser atendida en los méritos por CASP.

Contrario a lo planteado por el Patrono, dada la existencia y pendencia de la Apelación, no era necesario que la Recurrente presentara otra apelación ante CASP a raíz del cambio notificado en 2024. Nada impide que CASP, en el contexto de este procedimiento, tome nota del cambio realizado, informado por el Patrono, y adjudique los méritos de la reclamación de la Recurrente, tanto en lo relacionado con su *status* en el 2023, como en lo relacionado con cuál debe ser su clasificación y retribución actual.

En fin, a pesar del cambio ocurrido durante la pendencia de la Apelación, esta de forma alguna advino académica, pues subsisten controversias entre las partes y, si la Recurrente tuviese razón, esta tendría derecho a un remedio real y no especulativo.

IV.

Por los fundamentos que anteceden, se revoca la determinación recurrida y se devuelve el caso a la agencia recurrida para la continuación de los procedimientos de manera compatible con lo aquí expuesto y resuelto.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones